Howard Current JUDY, Appellant,

v.

Mona Saunders JUDY, Appellee.

No. 17424.

United States Court of Appeals
Fifth Circuit.

March 20, 1959.

———◇———

Louis Vernell, Vernell & Tulin, Miami Beach, Fla., Lionel L. Tulin, Miami Beach, Fla., of counsel, for appellant.

James A. Dixon, Miami, Fla., William B. Martin, Lexington, Ky., Dixon, DeJarnette, Bradford & Williams, Miami, Fla., Yancey, Martin & Ockerman, Lexington, Ky., for appellee.

Before RIVES and TUTTLE, Circuit Judges, and SIMPSON, District Judge.

PER CURIAM.

Appellant and appellee had been married for more than 30 years and had reared four boys, when in 1951 appellee secured a divorce in Kentucky and a lump sum alimony judgment for $4,400.00. Appellee sued appellant in Florida on that judgment alleging that he had fraudulently assigned his interest as beneficiary of his aunt's will to his mother and seeking to set aside that assignment. Appellant defended and counterclaimed, seeking to enforce his claimed rights as beneficial owner in certain valuable property in Kentucky, the title to which was in appellee's name. The district court awarded appellee judgment for the $4,400.00 and interest thereon but denied appellee relief as to setting aside appellant's assignment of his interest in his aunt's estate to his mother. The Court further held that appellant had failed to sustain the burden of proof necessary to establish beneficial ownership in the Kentucky property. This appeal concerns appellant's claim of beneficial ownership in the Kentucky property.

There was ample evidence to support a finding that appellant had never had enough money to buy the property; that appellee's father had given her this property in her own right; that previously he had given her two other farms; and that appellant's own admission to third parties showed that he did not consider the property to be his during the time when he was allegedly managing it.

In order for appellant to prevail as against appellee's legal title, he had at the very least to show that he had supplied the money with which the property was purchased. The finding of the district court that he had not borne that burden is not clearly erroneous. Rule 52 (a), Federal Rules of Civil Procedure, 28 U.S.C.A.

The judgment is therefore

Affirmed.